IN THE COURT OF APPEALS

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM A. WINNINGHAM, Executor )    CUMBERLAND PROBATE
of the Estate of Alston          )    C. A. NO. 03A01-9604-PB-00152
Winningham,                      )
                                 )
          Plaintiff-Appellee     )
                                 )
                                 )
                                 )
                                 )
                                 )
vs.                              )    HON. GARY W. DODSON
                                 )    JUDGE, BY INTERCHANGE
                                 )
                                 )
                                 )
                                 )
TAMMY K. WINNINGHAM,             )    REVERSED AND REMANDED
                                 )
          Defendant-Appellant    )


JOHN R. OFFICER, Livingston, for Appellant.


HARRY D. SABINE, Sabine & Douglas, P.C., Crossville, for Appellee.


O P I N I O N


                                                McMurray, J.


     We are called upon in this appeal to determine whether relying

on the advice of an attorney in filing an unfounded will contest

constitutes probable cause sufficient to avoid the enforcement of a forfeiture clause in the will. For the reasons set forth below, we find that such reliance does constitute probable cause, and reverse the judgment of the trial court.

The appellant, Tammy Winningham, was the daughter of Alston and Reba Winningham. Alston and Reba Winningham executed identical wills on February 13, 1981. Reba Winningham died on February 26, 1986, and her will was probated. In 1992, Alston Winningham, who at the time was suffering from cancer, executed a new will. That will contained a forfeiture clause applying to any beneficiary who initiated a contest of the will. Alston Winningham died later that year. Apparently, Tammy Winningham had concern about the competency of her father due to his medical condition at the time he executed the 1992 will. She contacted Livingston attorney John Heath, who mistakenly told her that mutual wills (such as the wills executed by Alston and Reba Winningham in 1981) could not be revoked after the death of the other party. Mr. Heath was apparently unaware of the Trautmann Act, codified at T.C.A. § 32-3-107, which abolished the presumption of contractual intent in the execution of joint and mutual wills, and provides that a contract to make a will can be established only by a statement of the contract terms in the will, an express reference in the will to the existence of a contract (the terms of which are proven by extrinsic evidence), or a separate writing signed by the decedent evidencing

2

the contract. In reliance on Mr. Heath's advice, Tammy Winningham filed suit against the executor of Alston Winningham's estate, William Winningham, appellee in this case. Three weeks after the filing of that suit, Mr. Heath realized his error, and the will contest action was immediately and voluntarily dismissed.

William Winningham then filed suit to invoke the forfeiture provision as to any bequest or devise to Tammy Winningham. The Honorable Gary Dodson, sitting by interchange in the Probate and Family Court of Cumberland County, found that the filing of the will contest violated the forfeiture clause and that, consequently, the provision should be enforced. This appeal followed.

Alston Willingham's will provided in part as follows:

> If any beneficiary shall contest the probate or validity of this will or any provision thereof, or shall institute or join in any proceeding to contest the validity of this will or to prevent any provision thereof from being carried out in accordance with its term (regardless of whether such proceedings are instituted in good faith and with probable cause[1]), then all benefits provided for such beneficiary are revoked and such benefits shall pass to the residuary beneficiaries of this will ... .

---

[1]No issue is made concerning the validity of this provision. We, therefore, decline to comment thereon.

In Tennessee, a forfeiture clause is generally valid.  See Tate v. Camp, 147 Tenn. 137, 245 S.W. 839 (1922).  In Woolard v. Ferrell, 169 S.W.2d 134 the court citing Tate, supra, noted:

> The law in Tennessee governing the effect of a will contest on the operation of a forfeiture clause in a will is fully discussed and is settled in an opinion by McKinney, Judge, ... where it is held that a forfeiture provisiion in a will is not void as against public policy, and that legatee will not lose his interest under a forfeiture provision of a will if the contest was prosecuted in good faith and upon probable cause. ... .

Wollard, page 136.

It is clear, therefore, that a gift will not be forfeited if the contest is made in good faith and on probable cause.  The Trial Court found that since Attorney Heath advised his client based on a mistake of law, there was no bad faith on the part of Tammy Winningham.  However, the Court found that since the 1981 wills could not be legally construed to be mutual wills, the will contest was without probable cause, even though she acted on the mistaken advice of counsel.  We respectfully disagree.

The Defendant argues that probable cause is established where prosecution of an action is instituted on advice of counsel. Defendant cites the case of Sullivan v. Young, 678 S.W.2d 906 (Tenn. App. 1984) as standing for the proposition that probable cause is established where instigation of an action is done with the advice of counsel.  Although Sullivan involves an action for

4

malicious prosecution, we think the analogy is appropriate. In Woolard v. Ferrell, supra, this court applied the definition of probable cause from a malicious prosecution case to a case interpreting a forfeiture provision. The Court said:

> [T]he law as to reasonable or probable cause is defined to be such a state of facts in the mind of the prosecutor as would lead a person of ordinary caution and prudence to believe, or entertain an honest or strong suspicion, that the person is guilty. It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. In order to maintain an action for malicious prosecution, it is very clear that the plaintiff must aver and prove that the suit complained of was commenced and prosecuted without reasonable or probable cause, and that it was malicious. The warrantlessness of the suit may, in many instances, be so obvious as that malice may be inferred from it. The question of probable cause applies to the nature of the suit, and the point of inquiry is whether the defendant had probable cause to maintain the particular suit upon the existing facts known to him

Woolard page 137 (citations omitted).

We find it appropriate to use the same definition for probable cause in the context of a will forfeiture provision and an action for malicious prosecution since both deal with the prevention of initiating legal proceedings against another. Since it is the rule in Tennessee that advice of counsel may establish probable cause for the initiating of proceedings in a malicious prosecution case, we hold that it also may establish probable cause for initiating a will contest. Advice of counsel can only be a defense, however, if

5

there was a full and fair disclosure of all material facts to the attorney, without omission or misrepresentation. See, e.g., Klein v. Elliot, 59 Tenn. App. 1, 436 S.W.2d 867 (1968).

Plaintiff's counsel admits in his brief that the only basis for the will contest was the advice of Defendant's attorney. Given this admission by Plaintiff, we are of the opinion that this case must be remanded for a determination of the sufficiency of disclosure to Mr. Heath, appellant's attorney, to support the defense of advice of counsel.

For the reasons set forth above, the judgment of the Trial Court is reversed. Costs are taxed to the appellee and this case is remanded to the trial court for such other and further proceedings as may be required in conformity with this opinion.


_____
Don T. McMurray, J.


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge


6

IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

WILLIAM A. WINNINGHAM, )
Executor of the Estate of )
Alston Winningham )
                         )
      Plaintiff-Appellee )
                         )
                         )
v.                        ) CUMBERLAND COUNTY
                         ) 03A01-9604-PB-00152
                         )
TAMMY K. WINNINGHAM )
                         )
      Defendant-Appellant )

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

DISSENTING OPINION

        I respectfully dissent from the conclusion reached in the majority opinion. I would find that the case at bar is distinguishable from Woolard v. Ferrell, in that the will did not contain what I believe is the critical clause, "(regardless of whether such proceedings are instituted in good faith and with probable cause)."

        In light of the above-quoted unambiguous language, I would give effect to the intent of the testator which is crystal clear, and affirm the Trial Court.

                                _____
                                Houston M. Goddard, P.J.